UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANDY QUISMUNDO,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>TRIDENT SOCIETY, INC. d/b/a<br>TRIDENT SOCIETY, a California<br>Corporation; et al, et al.<br><br>　　　　　　　　　Defendants. | Case No.: 3:17-cv-1930-CAB-(WVG)<br><br>**ORDER ON MOTION TO DISMISS**<br>[Doc. No. 39] |

This matter is before the Court on Plaintiff's Motion for Voluntary Dismissal Without Prejudice. [Doc. No. 39.] The motion has been fully briefed and the Court finds it suitable for submission on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the reasons set forth below, Plaintiff's motion is granted.

**Background**

On August 27, 2017, Plaintiff brought suit in the Superior Court of the State of California against Defendants asserting violations of California Labor Code and California Business & Professions Code. On September 22, 2017, Defendants removed the action to this Court. [Doc. No. 1.] After removal, Defendants filed motions to dismiss, stay or transfer [Doc. Nos. 6, 7], that were either mooted or withdrawn [Doc. Nos. 15, 20].

On October 20, 2017, Plaintiff requested and was granted leave to file an amended complaint. [Doc. Nos. 11, 15.] Subsequently, on November 13, 2017, Plaintiff filed a motion to remand the case to state court. [Doc. No. 18.] This Court denied the request, finding Defendants had satisfied the requirements necessary for jurisdiction to attach under the Class Action Fairness Act ("CAFA") and because it "was not persuaded that it ha[d] the discretion to remand a case removed pursuant to CAFA based on general prudential concerns." [Doc. No. 26 at 2:13-15.[1]] In the interim, Defendants filed their answer. [Doc. No. 25.]

On March 5, 2018, the parties participated in a telephonic Early Neutral Evaluation and Case Management Conference with Magistrate Judge William V. Gallo. [Doc. Nos. 34, 35.] On March 23, 2018, Plaintiff moved for dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). [Doc. No. 39.] Defendants filed a response in opposition and Plaintiff filed a reply. [Doc. Nos. 41, 42.]

**Discussion**

Under Federal Rule of Civil Procedure 41(a)(2), once an opposing party has served an answer or motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P 41(a)(2). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l, B.V.,* 889 F.2d 919, 921 (9th Cir. 1989).

Plaintiff argues that dismissal without prejudice is warranted on the grounds that this litigation is in its early stages and because she intends to re-file her claims in state Superior Court. [Doc. No. 39-1 at 2.] Further, Plaintiff asserts that she attempted to get Defense counsel to stipulate to the dismissal but "to no avail." [Doc. No. 39-1 at 2.] Defendants oppose voluntary dismissal of this lawsuit, arguing that the Court should deny Plaintiff's

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry

2

3:17-cv-1930-CAB-(WVG)

motion in its entirety because they will suffer plain legal prejudice if Plaintiff's claims are voluntarily dismissed from federal court. [Doc. No. 41.] Defendants also make the alternative argument that, if Plaintiff's motion is granted, an award of Defendants' costs and fees is appropriate. [*Id.* at 10-11.]

*I. Merits of Plaintiff's Application for Voluntary Dismissal*

Within the Ninth Circuit a district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result. *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Id.* (citing *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996). "Uncertainty because a dispute remains unresolved" or because "threat of future litigation . . . causes uncertainty" does not give rise to plain legal prejudice." *Westlands,* 100 F.3d at 96-97. Neither does such prejudice occur simply because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff gains a tactical advantage by the dismissal. *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145-46 (9th Cir. 1982). Rather, the inquiry should focus on whether a dismissal without prejudice "would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Westlands,* 100 F.3d at 97.

Here, Defendants make four arguments in support of their claim of legal prejudice but the Court finds none of them persuasive. First, Defendants contend that Plaintiff is essentially forum shopping which has resulted in the parties extensively litigating the venue issue. While the parties have previously litigated the venue issue, the Court finds nothing untoward in Plaintiff's behavior. Plaintiff originally filed in state court, the case was removed here by Defendants, and then, after filing the amended complaint, Plaintiff filed a single motion to remand. Plaintiff now seeks dismissal because her action could be "consolidated or coordinated with the other pending state lawsuits" not because she is trying to negate a prior order or avoid adverse determinations or other dispositive rulings of this Court. [Doc. No. 39-1 at 3.] This situation does not rise to the level of extensive

litigation or forum shopping that would justify denial of a motion for voluntary dismissal. *See Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389 (9th Cir. 1986) (affirming the district court's finding that the plaintiff's repeated requests for dismissal were made for the purpose of avoiding the assigned judge in favor of another specific judge); *Manuel v. Shipyard Holdings,* No. C 01-00883 WHA, 2001 WL 1382050, at *3 (N.D. Cal. Nov. 5, 2001) ("Ninth Circuit case law intimates that a district court may refuse to grant dismissal under Rule 41(a)(2) when exceptional circumstances suggest bad faith and/or vexatious tactics on the part of the plaintiff, and that the defendant may suffer the 'legal prejudice' of *never* having claims resolved.") (*emphasis* in original) (citations omitted).

Second, Defendants assert legal prejudice on the grounds that because of the comity between federal sister courts the risk of a judgment conflicting with the Central District's holding in *Romano & Bono v. SCI Direct, Inc.*, Case No. 2:17-cv-03537-ODW (JEM) is substantially lower if the case remains here. But, a risk of a potentially conflicting judgment does not rise to the level of plain legal prejudice. *See generally Smith,* 263 F.3d at 976 ("while a change from federal to state court may create a tactical disadvantage to [defendants], that [is] not legal prejudice"). Further, there is nothing preventing Defendants from bringing the *Romano* decision to the attention of the assigned state court judge and advocating for a judgment in line with that holding. Moreover, all of Plaintiff's causes of action are based on alleged violations of California laws and Labor and Business and Professions code sections that would be more appropriately addressed by a state court.

Defendants' third and fourth assertions of legal prejudice are equally unavailing. As to the potential loss of permissible alternatively-pled affirmative defenses at the summary judgment stage, this does not constitute plain legal prejudice, it is simply a loss of opportunity to raise a legal argument and not an injury to an actual right. *See Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 n.2 (9th Cir. 2017) (noting that "while a change from federal to state court might create a tactical disadvantage to [defendants], that [is] not legal prejudice") (quoting *Smith*, 263 F.3d at 976). Similarly, the argument regarding the costs incurred in defending the litigation is equally unpersuasive because

"[t]he defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees." *Westlands*, 100 F.3d at 97.

Accordingly, the Court concludes that Plaintiff should be allowed to dismiss her claims without prejudice.

*II. Terms and Conditions of Dismissal*

Defendants argue that should the dismissal be granted it should be conditioned on awarding it its attorneys' fees and costs for litigating in this forum. [Doc. No. 41 at 10-11.] In support of the request for $48,583.00 in fees, Defendants have submitted a declaration from their defense counsel, Lonnie J. Williams, of the law firm Stinson Leonard Street LLP. [Doc. No. 41-2.] Plaintiff counters that no conditions should be attached to the dismissal and requests it be given the opportunity to withdraw the motion for voluntary dismissal if the Court imposes any conditions.[2]

When granting a voluntary dismissal under Rule 41(a)(2) it is within the district court's discretion to condition it upon the plaintiff's payment of the defendant's fees and costs. *See Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993); *Stevedoring,* 889 F.2d at 921. "A defendant is entitled only to recover, as a condition of dismissal under Fed.R.Civ.P. 41(a)(2), attorneys fees or costs for which is not useful in continuing litigation between the parties." *Koch*, 8.F3d at 652. "In determining whether to award costs ... to [a] defendant[] after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Williams v. Peralta Cmty. Coll. Dist*., 227 F.R.D. 538, 540 (N.D. Cal. April 28, 2005) (quoting 8 James Wm.

---

[2] *See Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930 (9th Cir. 1986) (when a district court grants a Rule 41(a)(2) dismissal the plaintiff must be provide "a reasonable period of time within which to refuse the conditional voluntary dismissal by withdrawing [the] motion for dismissal or to accept the dismissal despite the imposition of conditions").

Moore et al., Moore's Federal Practice § 41.40 [10][d][I] (3d ed. 1999)).

Here, despite Defendants' arguments to the contrary, none of the factors weigh in favor of imposing conditions. The dismissal of Plaintiff's claims without prejudice does not expose Defendants to excessive or duplicative expense because most of the work performed will remain useful in the litigation in state court. And while the work related to the motion to transfer to the Central District is not likely to be of further use, it was legal work of Defendants own making. Further, the case is still in its infancy and Plaintiff has acted with reasonable diligence is moving for dismissal six months after removal. Accordingly, the Court declines to impose any conditions on the dismissal of this case without prejudice.

## Conclusion

In light of the foregoing the Court **GRANTS** Plaintiff's motions, and **DISMISSES WITHOUT PREJUDICE** all complaints and claims in this action. The Court exercises its discretion and declines to award fees and costs as a result of this dismissal. The Clerk of Court shall close the case.

It is **SO ORDERED**.

Dated: April 25, 2018

Hon. Cathy Ann Bencivengo
United States District Judge